UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _1:17-cv-21823-FAM

DISH NETWORK L.L.C.
and NAGRASTAR LLC,

    Plaintiffs,

v.

JOSE CASTROMAN,

    Defendant.
_____/

## AMENDED FINAL JUDGMENT AND PERMANENT INJUNCTION

### I. NATURE OF THE CASE

1. Plaintiffs DISH Network L.L.C. and NagraStar LLC (collectively, "DISH Network") filed this action against Defendant Jose Castroman ("Defendant") for trafficking in technology designed to circumvent DISH Network's security system and facilitate the unauthorized interception of copyrighted satellite television programming broadcast by DISH Network without paying the required subscription fee. Defendant accomplished this in part by purchasing and distributing subscriptions to a pirate television service called NFusion Private Server ("NFPS"). This service provided Defendant and his customers with the control words or "keys" that are needed to decrypt DISH Network's satellite signal and view DISH Network programming without having authorization from and without making payment to DISH Network.

2. Defendant was properly served with a summons and DISH Network's complaint, but failed to file an answer, responsive pleading, or otherwise defend the lawsuit within the time allowed. DISH Network submitted evidence that Defendant is not an infant, is not incompetent,

and is not on active duty with the military or otherwise exempted under the Servicemembers' Civil Relief Act.

3. As a result of Defendant's failure to answer, or otherwise appear in this action, the Court accepts as true the following well-pleaded allegations in DISH Network's complaint:

(a) DISH Network is a multi-channel video provider that delivers video, audio, and data services to approximately 14 million subscribers throughout the United States via a direct broadcast satellite system. DISH Network uses high-powered satellites to broadcast, among other things, movies, sports and general entertainment services to consumers who have been authorized to receive such services after payment of a subscription fee, or in the case of a pay-per-view movie or event the purchase price. (Dkt. 1, ¶¶ 9-10.)

(b) DISH Network contracts for and purchases the distribution rights for most of the programming broadcast on the DISH Network platform from providers such as network affiliates, pay and specialty broadcasters, cable networks, motion picture distributors, sports leagues, and other holders of programming rights. The works broadcast by DISH Network are copyrighted. DISH Network has the authority of the copyright holders to protect these works from unauthorized reception and viewing. (Dkt. 1, ¶¶ 11-12.)

(c) DISH Network programming is digitized, compressed, and then scrambled prior to being transmitted to multiple satellites that are located in geo-synchronous orbit above Earth. The satellites relay the encrypted signal back down to Earth where the signal can be received by DISH Network subscribers that have the necessary equipment. (Dkt. 1, ¶ 13.)

(d) The DISH Network receiver processes an incoming DISH Network satellite signal by locating an encrypted part of the transmission called the entitlement control message and forwards that message to the NagraStar smart card. Provided the subscriber is

tuned to a channel that he is authorized to watch, the smart card uses its decryption keys to unlock the message, uncovering a control word. The control word is transmitted back to the receiver to decrypt the DISH Network satellite signal. (Dkt. 1, ¶¶ 17-18.)

(e) NFusion Private Server or "NFPS" is an Internet key sharing service that provides end-users the control words that descramble DISH Network television programming. End users that receive control words from NFPS are able to view DISH Network programming without having authority from, and without paying the required subscription fee to, DISH Network. (Dkt. 1, ¶ 25.)

(f) Defendant violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2), and the Federal Communications Act, 47 U.S.C. § 605(e)(4), as alleged in Counts I and II, by trafficking subscriptions to NFPS, enabling customers to access the NFPS service and view DISH Network programming without purchasing a legitimate subscription from DISH Network. (Dkt. 1, ¶¶ 25-28, 39-41.)

4. In accordance with 47 U.S.C. § 605(e)(3)(C)(i)(II), DISH Network requested statutory damages of $10,000 per violation, a sum certain, for Defendant's trafficking and distribution of NFPS passcodes.

## II. FINAL JUDGMENT & PERMANENT INJUNCTION

Upon default of Defendant, the Court, having reviewed the applicable law, evidence, and record in this matter, hereby **ORDERS** as follows:

1. Defendant, and anyone acting in active concert or participation with Defendant, is hereby permanently enjoined from:

(a) manufacturing, importing, offering to the public, providing, or otherwise trafficking in IKS server passcodes or any code, password, or serial number used in

accessing an IKS server and any other device or software used in circumventing the DISH Network security system or intercepting DISH Network programming;

(b) circumventing or assisting others to circumvent DISH Network's security system, or otherwise intercepting or assisting others to intercept DISH Network's satellite signal; and

(c) testing, analyzing, reverse engineering, manipulating, or otherwise extracting codes, data, or information from DISH Network's satellite receivers, smart cards, satellite stream, or any other part or component of the DISH Network security system.

2. This permanent injunction takes effect immediately.

3. Judgment is entered in favor of DISH Network on Count I of the complaint alleging violations of 17 U.S.C. § 1201(a)(2).

4. Judgment is entered in favor of DISH Network on Count II of the complaint alleging violations of 47 U.S.C. § 605(e)(4)

5. Statutory damages in the amount of $600,000 are awarded to DISH Network in accordance with 47 U.S.C. § 605(e)(3)(C)(i)(II), and for all sums let execution issue.

6. Dish Network's address is 9601 South Meridian Blvd., Englewood, Colorado 80112.

7. Nagrastar LLC's address is 90 Inverness Circle East, Englewood, Colorado 80112.

8. Jose Castroman's last known address is 19751 SW 114th Ave., #147, Miami, Florida 33157. His Social Security number is XXX-XX-4496.

9. Interest shall accrue from September 22, 2017 at the statutory rate, adjusted thereafter until the Judgment is satisfied.

10. The Court retains jurisdiction over this action for two years for the purpose of enforcing this final judgment and permanent injunction.

**IT IS SO ORDERED**.

Dated: June 5, 2017

Hon. Federico A. Moreno
United States District Judge